**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Dempsay,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>　　　　　Defendant. | No. CV-22-00503-PHX-DLR<br><br>**ORDER** |

　　　　In his amended complaint, Plaintiff Christopher Dempsay accuses Defendant the City of Phoenix ("City") of violating his Fourth Amendment rights by entering and removing Mr. Dempsay from a hotel room he had reserved. (Doc. 14.) The City has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 16.) It also has moved to strike Mr. Dempsay's response brief because it was filed six days after the deadline. (Doc. 23.) The Court will address these motions in reverse order.

　　　　The City's motion to strike is denied. Motions to strike are disfavored, and courts generally deny them absent a showing of prejudice. *See Martinez v. Alltran Fin. LP*, No. CV-18-04815-PHX-DLR, 2019 WL 1777300, at *3 (D. Ariz. Apr. 23, 2019). Here, Mr. Dempsay filed his response six days late, apparently because he was incarcerated at the time. The City has not demonstrated prejudice by the relatively minor delay. The Court sees no reason to strike Mr. Dempsay's response, especially when the City already has replied to it.

1 The City's motion for judgment on the pleadings is granted. A motion for judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). A motion for judgment on the pleadings therefore should not be granted if the complaint is based on a cognizable legal theory and contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted). Here, Mr. Dempsay has named only the City as a defendant; he has not named the individual officers who he claims entered and removed him from his hotel room. But a municipality cannot be held vicariously liable for constitutional violations committed by its employees. Instead, to pursue such a claim against the City, Mr. Dempsay would need to allege that his injury resulted from some policy, custom, or practice of the City. *See Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978); *Lockett v. Cnty. of L.A.*, 977 F.3d 737, 741 (9th Cir. 2020). Mr. Dempsay has not alleged any such policy, custom, or practice. For these reasons, his amended complaint fails to state a claim as currently written.

When granting a Rule 12(c) motion, the Court has discretion to dismiss with leave to amend instead of entering judgment. *See Special District Risk Mgmt. Authority v. Munich Reinsurance Am., Inc.*, 562 F.Supp.3d 989, 994 (E.D. Cal. 2021). Here, the defects the City has identified could be cured. For example, Mr. Dempsay could name the individual officers he claims committed the constitutional violation, or he could allege facts demonstrating that the officers were acting pursuant to a City policy, custom, or practice. Given the Ninth Circuit's liberal policy favoring amendments and the leniency generally afforded self-represented litigants, the Court finds dismissal with leave to amend appropriate. Accordingly,

**IT IS ORDERED** as follows:

1. The City's motion to strike (Doc. 23) is **DENIED**.
2. The City's motion for judgment on the pleadings (Doc. 16) is **GRANTED**.
3. Mr. Dempsay's amended complaint (Doc. 14) is **DISMISSED** with leave to amend.
4. Mr. Dempsay shall have until **September 5, 2023** in which to file an amended complaint that cures the defects identified in this order, if he so chooses. If Mr. Dempsay does not file an amended complaint by that deadline, the Clerk is directed to terminate this case without further order.

Dated this 14th day of August, 2023.

Douglas L. Rayes
United States District Judge